IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:

BIOAMBER INC.,[1]

    Debtor.

Chapter 15

Case No. 18–11078 (LSS)

**Objection Deadline: June 13, 2018 at 4:00 p.m.**
**Hearing Date: June 20, 2018 at 2:00 p.m.**

**MOTION PURSUANT TO SECTION 305 OF THE
BANKRUPTCY CODEFOR AN ORDER DISMISSING CHAPTER 11 CASE
UPON RECOGNITION OF FOREIGN MAIN PROCEEDING UNDER CHAPTER 15**

BioAmber, Inc., the authorized foreign representative ("**Foreign Representative**") of the above-captioned debtor (the "**Debtor**"), files this motion (the "**Motion**") pursuant to section 305 of Title 11 of the United States Code (the "**Bankruptcy Code**") for an order dismissing the currently pending chapter 11 case of the Debtor (the "**Chapter 11 Case**") immediately upon recognition of the Debtor's insolvency proceeding in Canada (the "**CCAA Proceeding**") as a foreign main proceeding under section 1517 of the Bankruptcy Code.

**PRELIMINARY STATEMENT**

1.    On May 4, 2018, the Debtor commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.  The commencement of the Chapter 11 Case was precipitated to protect the Debtor's assets from immediate foreclosure.  Although the filing was approved by the Debtor's board of directors, the Foreign Representative now believes that the time and expense of the Chapter 11 Case is unnecessary and that a more efficient and effective

---

[1]    The last four digits of the Debtor's federal tax identification number are 1045.  The Debtor's principal offices are located at 1250 René-Lévesque Blvd. West, Suite 4310, Montréal, Québec H3B 4W8, Canada.

DOCS_SF:96805.3

approach is to administer the totality of the Debtor's insolvency proceedings in Canada and to have such proceeding recognized as the foreign main proceeding under chapter 15 of the Bankruptcy Code.

2. Accordingly, concurrently with this Motion, the Foreign Representative has filed a petition (the "**Chapter 15 Petition**") seeking recognition of the CCAA Proceeding as a foreign main proceeding. The Foreign Representative believes that the ancillary case commenced by the Chapter 15 Petition (the "**Chapter 15 Case**") is the most efficient, expeditious, and appropriate vehicle for administering the Debtor's limited assets in the United States. Therefore, upon recognition of the CCAA Proceeding as a foreign main proceeding and the granting of relief under section 1521, the Chapter 11 Case will serve no further purpose. In fact, continuing the Chapter 11 Case regarding the Debtor would impose unnecessary administrative and financial burdens that would ultimately be borne by the Debtor's creditors.

3. Accordingly, the Foreign Representative requests the dismissal of the Chapter 11 Case pursuant to sections 305(a)(2) and 305(b) of the Bankruptcy Code, effective immediately upon entry of this Court's order granting recognition of the CCAA Proceeding as a foreign main proceeding.

## **JURISDICTION AND VENUE**

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. § 1410. The statutory predicates for the relief sought herein are sections 305(a)(2), 305(b), and 1501 of the Bankruptcy Code.

**BACKGROUND**

A.  **Company Background**

5.  The Debtor is a sustainable chemicals company. Its proprietary technology platform combines industrial biotechnology and chemical catalysis to convert renewable feedstock into building block chemicals for use in a wide variety of everyday products, including plastics, resins, food additives, and personal care products. The Debtor currently sells its first product, bio-succinic acid, to customers in a variety of chemical markets.

6.  The Debtor's core product is bio-based succinic acid, which can be used to make a broad range of products. The Debtor can also transform its bio-based succinic acid into 1,4-Butanedial ("**BDO**") and Tetrahydrofuran ("**THF**") in a single catalytic step. BDO and THF are used to make engineering plastics, polyurethanes, biodegradable polyesters, spandex, and other specialty chemicals.

7.  The Debtor is managed on a consolidated basis out of its corporate headquarters in Montreal, Quebec (the "**Montreal Office**"). All corporate-level decision-making and corporate administrative functions affecting the Debtor, including decisions on capital expenditures and business development initiatives, are centralized in the Montreal Office. Additionally, all active business operations of the Debtor are undertaken, and all producing assets of the Debtor's operating subsidiaries are located in, Canada.

B.  **Insolvency Proceedings**

8.  On May 4, 2018, the Debtor's wholly-owned Canadian subsidiaries, BioAmber Canada Inc. ("**BioAmber Canada**") and BioAmber Sarnia Inc. ("**BioAmber Sarnia**"

and, together with BioAmber Canada, the "**Canadian Subsidiaries**"), filed notices of intention to make a proposal to their creditors under Part III of the *Bankruptcy and Insolvency Act*, R.S.C. 1985, c. B-3 (the "**BIA Proceeding**") in the district of Montreal. Contemporaneously with the BIA Proceeding, the Debtor commenced the Chapter 11 Case in this Court.[2]

9. On May 22, 2018, the Debtor, along with its Canadian Subsidiaries, commenced proceedings under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "**CCAA**"), before the Québec Superior Court, Commercial Division (the "**Canadian Court**"). On May 24, 2018, the Canadian Court issued an initial order (the "**CCAA Initial Order**"), granting certain provisional relief in connection with the CCAA Proceeding.[3]

10. On May 30, 2018, the Foreign Representative filed the Chapter 15 Petition in this Court, seeking recognition of the CCAA Proceeding as a foreign main proceeding under chapter 15 of the Bankruptcy Code.

11. Given the Debtor's limited connections to the United States and the existence of the CCAA Proceeding, the Foreign Representative believes that a chapter 15 case is the most efficient and appropriate vehicle to administer any assets the Debtor may have in the United States, and that dismissal of the Chapter 11 Case is in the best interests of the Debtor, its

---

[2] The Debtor engaged undersigned counsel ("**Counsel**") to commence the Chapter 11 Case. Counsel has not been formally retained in the Chapter 11 Case. Counsel hereby discloses that, prior to the commencement of the Chapter 11 Case, it received a retainer from the Debtor in the amount of $250,000.00. Counsel estimates that it has incurred approximately $50,000 in fees and expenses through the date of this Motion in connection with the Chapter 11 Case. Rather than incur the administrative expense of preparing a formal retention application and subsequent fee application, Counsel proposes to draw on its retainer after the dismissal of the Chapter 11 Case. In the event this Motion is denied and the Chapter 11 Case continues, Counsel will immediately file an appropriate retention application.

[3] A true and correct copy of the CCAA Initial Order is attached hereto as **Exhibit A**.

creditors, and its equity holders. As the Debtor's center of main interests lie outside the United States, maintaining the Chapter 11 Case will require the Debtor to expend unnecessary time, money, and effort to coordinate the Chapter 11 Case with the CCAA Proceeding, which will deplete the estate and reduce the recovery of all stakeholders.

**C.    Role of Foreign Representative and Debtor**

12.    Pursuant to the CCAA Initial Order, the Debtor remains in possession and control of its business operations. CCAA Initial Order at ¶ 15. In addition, the CCAA Initial Order authorizes the Debtor to act as its own foreign representative and to seek recognition of the CCAA Proceeding as a foreign main proceeding under chapter 15 of the Bankruptcy Code in the United States. CCAA Initial Order at ¶ 68.

13.    Accordingly, by authority of the Canadian Court, the Foreign Representative seeks dismissal of the Chapter 11 Case and recognition of the CCAA Proceeding pursuant to the Chapter 15 Petition. The Foreign Representative believes that the CCAA Proceeding can be completed most efficiently if the Foreign Representative is entrusted with the administration, realization, and distribution of any of the Debtor's assets located in the United States in accordance with the CCAA Proceeding.

**BASIS FOR RELIEF REQUESTED**

14.    Section 305(a)(2) of the Bankruptcy Code provides that a court may, after notice and hearing, dismiss or suspend a bankruptcy case if a chapter 15 petition has been granted and "the purposes of Chapter 15 of this title would be best served by such dismissal or suspension." 11 U.S.C. § 305(a)(2). Moreover, section 305(b) expressly provides that a foreign

representative may seek dismissal under section 305(a)(2).[4]  Here, the Foreign Representative seeks dismissal of the Chapter 11 Case because such dismissal is in the best interests of the Debtor, its creditors and equity holders, and will best serve the purposes of chapter 15 of the Bankruptcy Code.

15. Section 1501 of the Bankruptcy Code sets forth the goals of chapter 15. Pursuant to section 1501, the goals of chapter 15 are to promote the "fair and efficient administration of cross-border insolvencies that protects the interests of all creditors, and other interested entities, including the debtor" and to provide for the "protection and maximization of the value of the debtor's assets."  11 U.S.C. § 1501(a)(3)-(4).  In this instance, separate insolvency proceedings in Canada and the United States would not promote the fair and efficient administration of the Debtor's assets.  The Chapter 11 Case would impose unnecessary administrative burdens and costs, and therefore would not result in the maximization of the Debtor's assets.  Indeed, the Debtor's creditors would ultimately bear the costs of any inefficiencies in the realization and distribution of the Debtor's assets.

16. The Debtor's principal executive office is in Montreal, Quebec, where certain of its officers are located, where day-to-day decision making functions take place, and most board meetings and annual shareholder meetings take place.  Moreover, the Debtor

---

[4] The Foreign Representative believes that, under the circumstances of this case, it is appropriate to simultaneously request recognition under chapter 15 and dismissal of the Chapter 11 Case.  However, the Foreign Representative recognizes that, as foreign representative, it is entitled to seek dismissal of the Chapter 11 Case under sections 305(a)(2) and 305(b) only if the Court determines to grant the Chapter 15 Petition.  Having these matters decided simultaneously promotes efficient judicial administration of these cases and eliminates any possible inconsistency with the relief requested in the Chapter 15 Petition under section 1520 of the Bankruptcy Code and the possibility that there will be any period of time during which neither the Chapter 11 Case nor section 1520 of the Bankruptcy Code provides the Debtor with the relief described in section 1520 of the Bankruptcy Code.

conducts substantially all of its business activities through its Canadian Subsidiaries. Given the Debtor's limited connections to the United States, the Foreign Representative believes that the Chapter 15 Case is the most efficient and appropriate vehicle for the administration of the Debtor's assets in the United States. For the foregoing reasons, the goals of efficiency and maximization of assets embodied in section 1501 of the Bankruptcy Code would be best served by the dismissal of the Chapter 11 Case immediately upon recognition of the Chapter 15 Case.

## **CONCLUSION**

WHEREFORE, the Foreign Representative respectfully requests that this Court, pursuant to sections 305(a)(2) and 305(b) of the Bankruptcy Code, enter an order, substantially in the form attached hereto as **Exhibit B**, dismissing the Chapter 11 Case and granting such other and further relief as may be just and proper.

Dated: May 30, 2018                    PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Colin R. Robinson*
Laura Davis Jones (DE Bar No. 2436)
Jeremy Richards (CA Bar No. 102300)
Colin R. Robinson (DE Bar No. 5524)
Jason H. Rosell (CA Bar No. 269126)
919 North Market Street, 17th Floor
Wilmington, DE 19801
Telephone:    (302) 652-4100
Facsimile:     (302) 652-4400
Email:           ljones@pszjlaw.com
                     jrichards@pszjlaw.com
                     crobinson@pszjlaw.com
                     jrosell@pszjlaw.com

*Counsel to the Foreign Representative*