## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re BioAmber Inc.                                       Case No. 18-11078 (LSS)
        Debtor

### INITIAL MONTHLY OPERATING REPORT
**File report and attachments with Court and submit copy to United States Trustee within 15 days after order for relief.**

Certificates of insurance must name United States Trustee as a party to be notified in the event of policy cancellation.
Bank accounts and checks must bear the name of the debtor, the case number, and the designation "Debtor in Possession."
Examples of acceptable evidence of Debtor in Possession Bank accounts include voided checks, copy of bank deposit
agreement/certificate of authority, signature card, and/or corporate checking resolution.

| REQUIRED DOCUMENTS | Document Attached | Explanation Attached |
|---|---|---|
| **12-Month Cash Flow Projection  (Form IR-1)** | | |
| **Certificates of Insurance:** | | |
|    Workers Compensation | | |
|    Property | X | |
|    General Liability | X | |
|    Vehicle | X | |
|    Other: Prof. Liability, D&O | | |
|    Identify areas of self-insurance w/ liability caps | | |
| **Evidence of Debtor in Possession Bank Accounts** | | |
|    Tax Escrow Account | | |
|    General Operating Account | | Cash Management Order |
|    Money Market Account pursuant to Local Rule 4001-3.  Refer to | | |
|    http://www.deb.uscourts.gov/ | | |
|    Other: | | |
| **Retainers Paid (Form IR-2)** | X | |

I declare under penalty of perjury (28 U.S.C. Section 1746) that this report and the documents attached
are true and correct to the best of my knowledge and belief.

_____                    _____
Signature of Debtor                                                        Date


_____                    _____
Signature of Joint Debtor                                                 Date


_____                    June 6, 2018
Signature of Authorized Individual*                                 Date


Mario Settino_____                         Chief Financial Officer_____
Printed Name of Authorized Individual                          Title of Authorized Individual


*Authorized individual must be an officer, director or shareholder if debtor is a corporation; a partner if debtor
is a partnership; a manager or member if debtor is a limited liability company.

FORM IR
(4/07)

# DIP BUDGET

Jennifer Soares

**Bioamber Inc Cash Forecast**

**Amounts in Thousands$'000**

| | 5/11/2018 Actual | 5/18/2018 Actual | 5/25/2018 Actual | 6/1/2018 Actual | Week 1 6/8/2018 100% | Week 2 6/15/2018 100% | Week 3 6/22/2018 100% | Week 4 6/29/2018 100% | Week 5 7/6/2018 100% | Week 6 7/13/2018 100% | Week 7 7/20/2018 100% | Week 8 7/27/2018 100% | Week 9 8/3/2018 100% | Week 10 8/10/2018 100% | Week 11 8/17/2018 100% | Week 12 8/24/2018 100% | Week 13 8/31/2018 100% |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Total opening balance – USD | $1,993 | $1,994 | $1,994 | $1,912 | $1,895 | $1,750 | $1,740 | $1,641 | $1,631 | $1,504 | $1,485 | $1,386 | $1,376 | $1,249 | $1,231 | $1,132 | $1,122 |
| Employee payroll | - | - | (83) | - | (83) | - | (73) | - | (73) | - | (73) | - | (73) | - | (73) | - | (73) |
| Travel expense | - | - | - | - | (5) | (5) | (5) | - | (5) | (5) | (5) | (5) | (5) | (5) | (5) | (5) | (5) |
| Office expenses | - | - | - | - | (8) | - | - | - | - | (8) | - | - | - | (8) | - | - | - |
| Legal fees | - | - | - | - | (5) | (5) | (5) | (5) | (5) | (5) | (5) | (5) | (5) | (5) | (5) | (5) | (5) |
| General Counsel | - | - | - | - | (28) | - | - | - | (28) | - | - | - | (28) | - | - | - | (28) |
| Others | (0) | - | - | (19) | (16) | - | (16) | - | (16) | - | (16) | - | (16) | - | (16) | - | (16) |
| Inter-company to BAC | 1 | - | - | 2 | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Fx impact | 1 | 0 | 2 | 2 | | | | | | | | | | | | | |
| Net cash flow variation | (82) | 0 | (82) | (18) | (145) | (10) | (99) | (10) | (127) | (18) | (99) | (10) | (127) | (18) | (99) | (10) | (127) |
| | | | | | | | | | | | | | | | | | |
| USD | $1,834 | $1,834 | $1,752 | $1,732 | $1,586 | $1,576 | $1,477 | $1,467 | $1,340 | $1,322 | $1,223 | $1,213 | $1,086 | $1,068 | $969 | $959 | $832 |
| CDN | $211 | $211 | $211 | $211 | $211 | $211 | $211 | $211 | $211 | $211 | $211 | $211 | $211 | $211 | $211 | $211 | $211 |
| Converted in USD | $160 | $160 | $160 | $163 | $163 | $163 | $163 | $163 | $163 | $163 | $163 | $163 | $163 | $163 | $163 | $163 | $163 |
| Total closing balance – USD | $1,994 | $1,994 | $1,912 | $1,895 | $1,750 | $1,740 | $1,641 | $1,631 | $1,504 | $1,485 | $1,386 | $1,376 | $1,249 | $1,231 | $1,132 | $1,122 | $995 |
| Check | $1,994 | $1,994 | $1,912 | $1,895 | $1,750 | $1,740 | $1,641 | $1,631 | $1,504 | $1,485 | $1,386 | $1,376 | $1,249 | $1,231 | $1,132 | $1,122 | $995 |
| | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |

# INSURANCE CERTIFICATE

| ACORD® | **CERTIFICATE OF LIABILITY INSURANCE** | DATE(MM/DD/YYYY) 05/21/2018 |
|---|---|---|

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must have ADDITIONAL INSURED provisions or be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER | CONTACT NAME: | | |
|---|---|---|---|
| Aon Risk Services Central, Inc. Minneapolis MN Office 5600 West 83rd Street 8200 Tower,  Suite 1100 Minneapolis MN 55437 USA | PHONE (A/C, No, Ext): (866) 283-7122 | FAX (A/C, No.): (800) 363-0105 | |
| | E-MAIL ADDRESS: | | |
| | **INSURER(S) AFFORDING COVERAGE** | | NAIC # |
| INSURED | INSURER A: Sentinel Insurance Company, Ltd | | 11000 |
| BioAmber Inc. 1250 Rene-Levesque Blvd. W Suite 4310 Montreal QC H3B 4W8 CAN | INSURER B: Hartford Fire Insurance Co. | | 19682 |
| | INSURER C: Hartford Underwriters Insurance Company | | 30104 |
| | INSURER D: Twin City Fire Insurance Company | | 29459 |
| | INSURER E: | | |
| | INSURER F: | | |

**COVERAGES          CERTIFICATE NUMBER: 570071306052          REVISION NUMBER:**

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS. **Limits shown are as requested**

| INSR LTR | TYPE OF INSURANCE | ADDL INSD | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| B | X **COMMERCIAL GENERAL LIABILITY** | | | 41 UEN ZG7735 | 07/01/2017 | 07/01/2018 | EACH OCCURRENCE | $1,000,000 |
| | ☐ CLAIMS-MADE  X OCCUR | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $300,000 |
| | | | | | | | MED EXP (Any one person) | $10,000 |
| | | | | | | | PERSONAL & ADV INJURY | $1,000,000 |
| | GEN'L AGGREGATE LIMIT APPLIES PER: | | | | | | GENERAL AGGREGATE | $2,000,000 |
| | X POLICY ☐ PRO-JECT ☐ LOC | | | | | | PRODUCTS - COMP/OP AGG | |
| | OTHER: | | | | | | | |
| A | **AUTOMOBILE LIABILITY** | | | 41 UEN ZG7735 | 07/01/2017 | 07/01/2018 | COMBINED SINGLE LIMIT (Ea accident) | $1,000,000 |
| | ☐ ANY AUTO | | | | | | BODILY INJURY ( Per person) | |
| | ☐ OWNED AUTOS ONLY  ☐ SCHEDULED AUTOS | | | | | | BODILY INJURY (Per accident) | |
| | X HIRED AUTOS ONLY  X NON-OWNED AUTOS ONLY | | | | | | PROPERTY DAMAGE (Per accident) | |
| | ☐ **UMBRELLA LIAB**  ☐ OCCUR | | | | | | EACH OCCURRENCE | |
| | ☐ **EXCESS LIAB**  ☐ CLAIMS-MADE | | | | | | AGGREGATE | |
| | ☐ DED  ☐ RETENTION | | | | | | | |
| D C B | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY** Y/N ANY PROPRIETOR / PARTNER / EXECUTIVE OFFICER/MEMBER EXCLUDED? N N/A (Mandatory in NH) If yes, describe under DESCRIPTION OF OPERATIONS below | | | 41WECD5585 41WECD5585 NJ, TX 41WECD5585 MN | 07/01/2017 07/01/2017 07/01/2017 | 07/01/2018 07/01/2018 07/01/2018 | X PER STATUTE ☐ OTHER | |
| | | | | | | | E.L. EACH ACCIDENT | $1,000,000 |
| | | | | | | | E.L. DISEASE-EA EMPLOYEE | $1,000,000 |
| | | | | | | | E.L. DISEASE-POLICY LIMIT | $1,000,000 |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| U.S. Department of Justice District of Delaware 844 King Street, Suite 2207 Wilmington DE 19801 USA | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS. |
| | AUTHORIZED REPRESENTATIVE *Aon Risk Services Central Inc.* |

©1988-2015 ACORD CORPORATION. All rights reserved.

ACORD 25 (2016/03)          The ACORD name and logo are registered marks of ACORD

*Holder Identifier :*

*Certificate No : 570071306052*

# EVIDENCE OF DIP BANK ACCOUNTS

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIOAMBER, INC.,[1] | Case No. 18-11078 (LSS) |
| Debtor. | Re: Docket No. 6 |

### INTERIM ORDER UNDER SECTIONS 105, 345, 363, 364, 503, 1107 AND 1108 OF THE BANKRUPTCY CODE AUTHORIZING (I) MAINTENANCE OF EXISTING BANK ACCOUNTS; (II) CONTINUANCE OF EXISTING CASH MANAGEMENT SYSTEM, BANK ACCOUNTS, CHECKS AND RELATED FORMS; (III) CONTINUED PERFORMANCE OF INTERCOMPANY TRANSACTIONS; (IV) LIMITED WAIVER OF SECTION 345(b) DEPOSIT AND INVESTMENT REQUIREMENTS AND (V) GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion")[2] filed by the debtor and debtor

in possession (the "Debtor") in the above-captioned chapter 11 case seeking entry of an Order

under sections 105, 345, 363, 1107 and 1108 of title 11 of the United States Code (the

"Bankruptcy Code") authorizing: the (i) maintenance of existing bank accounts including the

authority to pay routine prepetition banking fees owed to financial institutions; (ii) continued use

of the Debtor's existing cash management system, bank accounts, checks and related forms for

the Debtor; (iii) continued performance of intercompany transactions; (iv) a limited waiver under

Bankruptcy Code section 345(b) to the extent necessary; and (v) granting related relief; and it

appearing that the relief requested is in the best interests of the Debtor's estate, its creditors and

other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant

to 28 U.S.C. §§ 157 and 1334; and it appearing that this matter is a core proceeding pursuant to

---

[1] The last four digits of the Debtor's federal tax ID number are (1045).  The Debtor's service address is: 1000 Westgate Drive, Suite 115, Saint Paul, MN 55114.

[2] Unless otherwise noted, capitalized terms used herein shall have the meanings ascribed to them in the Motion.

28 U.S.C. § 157(b)(2)(A), (M) and (O); and due and adequate notice of the Motion having been

given under the circumstances; and after due deliberation and cause appearing therefor; it is

hereby ORDERED THAT

    1.    The Motion is GRANTED as set forth herein.

    2.    The Debtor is authorized, but not directed, in the reasonable exercise of its

business judgment, (i) to designate, maintain and continue to use, with the same account

numbers, all of the bank accounts in existence on the Petition Date, including, without limitation,

those accounts identified on **Exhibit A** to the Motion (the "Bank Accounts"); (ii) treat the Bank

Accounts for all purposes as debtor in possession accounts; (iii) use all existing paper check

stock and related forms without reference to the Debtor's status as "debtor in possession" until

such supply is depleted, after which the Debtor will order new check stock, deposit slips and

related forms with the "debtor in possession" reference; and (iv) are afforded a reasonable time

to arrange for the labeling of "debtor in possession" on purchase orders and invoices issued post-

petition, as requested in the Motion.

    3.    The bank set forth on **Exhibit A** to the Motion and any other bank (each, a

"Bank" and collectively, the "Banks") at which any Bank Account is or may be maintained are

hereby authorized to continue to service and administer such Bank Account as an account of the

Debtor as a debtor in possession bank account without interruption and in the usual and ordinary

course of business, and to receive, process, honor and pay any and all checks and drafts drawn on

the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be;

*provided*, *however*, that any check that the Debtor advises any Bank to have been drawn or

DOCS_SF:96819.4 09588/001

issued by the Debtor before the Petition Date may be honored by any Bank only if specifically authorized by order of this Court.

4.    Except as modified by this Order, the Debtor's existing banking agreements with the Banks with respect to the Bank Accounts and with respect to the transfers to and from the Bank Accounts shall continue to govern the post-petition cash management relationship between the Debtor and each of the Banks.

5.    The Debtor and each of the Banks may, without further order of this Court, agree to and implement changes to the Cash Management System and procedures in the ordinary course of business, including, without limitation, the opening and closing of bank accounts with notice from the Debtor to the United States Trustee, which accounts shall similarly be subject to this Order.

6.    In the course of providing cash management services to the Debtor, each Bank is authorized, without further order of this Court, to continue to deduct from the appropriate accounts of the Debtor, the Bank's routine and ordinary course fees and expenses associated with the nature of the deposit and cash management services rendered to the Debtor.

7.    With respect to all checks that have not been honored prior to the Petition Date (the "Prepetition Checks"), the Bank shall not honor any such Prepetition Check, unless instructed to do so by the Debtor.  All ~~unauthorized~~ Prepetition Checks that the Debtor instructs HSBC to honor shall be promptly honored.  A Bank's reliance on the Debtor's instructions with respect to honoring a Prepetition Check shall not constitute a violation of this Order.

3

8.      Each Bank that honors a Prepetition Check or other item drawn on any account that is the subject of this Order either (i) at the direction of the Debtor to honor such prepetition check or item, (ii) in good faith belief that the Court has authorized such prepetition check or item to be honored, or (iii) as a result of an innocent mistake made despite implementation of such handling procedures, shall not be deemed in violation of this Order.

9.      Notwithstanding anything to the contrary in this Order, HSBC shall have no liability to the Debtor or its estate for any disbursements made or checks honored prior to May 10, 2018.  HSBC shall be authorized to rely upon the Debtor's representation that any payroll paid pursuant to this order is authorized under this order.  If any amount is ultimately determined to have been unauthorized, HSBC shall have no liability to the Debtor or its estate for any such amounts paid.

10.     The Debtor shall maintain detailed records reflecting all transfers of funds (including any Intercompany Transactions) under the terms and conditions provided for by the existing agreements with the institutions participating in the Debtor's Cash Management System. In connection with the ongoing utilization of their Cash Management System, the Debtor shall continue to maintain records in the ordinary course of business with respect to all transfers so that all transactions (including any Intercompany Transactions) may be readily ascertained, traced and recorded properly on the applicable accounts and distinguished between prepetition and post-petition transactions.

11.     The Debtor is authorized to open any new Bank Accounts or close any existing Bank Accounts as they may, in its discretion, deem necessary and appropriate; *provided,*

4

*however*, that the Debtor gives notice within fifteen (15) days to the Office of the United States

Trustee for the District of Delaware and any statutory committees appointed in this chapter 11

case; *provided, further, however*, that the Debtor shall open any such new Bank Account at a

bank that has (i) executed a Uniform Depository Agreement with the Office of the United States

Trustee for the District of Delaware, or at a bank that is willing to immediately execute such an

agreement; *provided, further*, that any such new Bank Account shall be subject to the terms of

this Order.

      12.    For banks at which the Debtor holds bank accounts that are party to a

Uniform Depository agreement with the Office of the United States Trustee for the District of

Delaware, within fifteen (15) days of the date of entry of this Order the Debtor shall (a) contact

each bank, (b) provide the bank with the Debtor's employer identification numbers and

(c) identify each of its bank accounts held at such banks as being held by a debtor in possession

in a bankruptcy case.

      13.    The Debtor is authorized to continue utilizing its Cash Management

System to manage the Debtor's cash, in a manner consistent with the Debtor's prepetition

practices and this Order.

      14.    The Debtor is authorized to continue to consummate the Intercompany

Transactions related to payroll obligations through the period from the Petition Date through and

including May 24, 2018, with other non-debtor affiliates, and to create Intercompany Claims.

      15.    The Debtor is authorized to deposit funds, in excess of amounts insured by

the Federal Depository Insurance Corporation so long as such funds are deposited in a Bank

DOCS_SF:96819.4 09588/001

Account with a bank that has a Uniform Depository Agreement with the Office of the United States Trustee for the District of Delaware (a "UDA"). The relief granted in this Order is subject to, and shall not authorize any deviation from, the terms and conditions of any UDA. To the extent this Order is inconsistent with any UDA, the UDA shall control.

16.     Each of the Debtor's Banks is authorized to debit the Bank Accounts in the ordinary course of business without the need for further order of this Court for: (i) all checks drawn on the Bank Accounts which are cashed at such Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date; (ii) all checks or other items deposited in one of Bank Accounts with such Bank prior to the Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtors were responsible for such items prior to the Petition Date; and (iii) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Bank as service charges for the maintenance of the Cash Management System.

17.     Any of the Debtor's Banks may rely on the representations of the Debtor with respect to whether any check or other payment order drawn or issued by the Debtor prior to the Petition Date should be honored pursuant to this or any other order of this Court, and such Bank shall not have any liability to any party for relying on such representations by the Debtor as provided for herein.

18.     Notwithstanding anything to the contrary in this Order, HSBC shall have no liability to the Debtor or its estate for any disbursements made or checks honored prior to May 10, 2018. HSBC shall be authorized to rely upon the Debtor's representation that any

DOCS_SF:96819.4 09588/001

payroll paid pursuant to this Order is authorized under this Order.  If any amount is ultimately

determined to have been unauthorized, HSBC shall have no liability to the Debtor or its estate

for any such amounts paid.

19.      Except as otherwise set forth in this Order:  (i) those certain existing

deposit agreements between the Debtor and the Banks shall continue to govern the postpetition

cash management relationship between the Debtor and the Banks, and all of the provisions of

such agreements, including, without limitation, the termination and fee provisions, shall remain

in full force and effect, and (ii) either the Debtor or the Banks may, without further Order of this

Court, implement changes to the cash management systems and procedures in the ordinary

course of business pursuant to terms of those certain existing deposit agreements, including,

without limitation, the opening and closing of bank accounts, *provided, however*, that any such

changes to the existing cash management systems and procedures shall be subject to the terms of

this Order.

20.      The Debtor shall cause a copy of this Order to be served on each Bank at

which a Bank Account is maintained within five (5) business days of the entry of this Order.

21.      The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the

contents of the Motion.

22.      The notice requirements under Bankruptcy Rule 6004(a) and the stay

under Bankruptcy Rule 6004(h) are hereby waived, to the extent that it applies.

23.      A final hearing on the Motion shall be held on June 20, 2018 at 2 P.M.

. Any objections or responses to entry of a final order on the Motion shall be filed on or before

7

4:00 p.m. prevailing Eastern Time on _June 13_, 2018, and shall be served on: which objections

shall be served so as to be actually received on or before such date on: (a) proposed counsel for

the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor,

Wilmington, DE 19801, Attn: Jeremy Richards, Esq. (jrichards@pszjlaw.com) and Colin R.

Robinson (crobinson@pszjlaw.com); and (b) the U.S. Trustee, 844 King Street, Suite 2207,

Wilmington, DE 19801, Attn: Benjamin Hackman

    24.    This Court shall retain jurisdiction to hear and determine all matters

arising from the implementation of this Order.

Dated: _May 23_, 2018

HONORABLE LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE

8

**RETAINERS PAID**

Case No.
Reporting Period: Initial

Debtors

## SCHEDULE OF RETAINERS PAID TO PROFESSIONALS

(This schedule is to include each Professional paid a retainer)

| Payee | Date | Wire Number | Name of Payor | Amount | Amount/Applied to Date | Balance |
|---|---|---|---|---|---|---|
| Pachulski Stang Ziehl & Jones LLP | 5/4/18 | Wire | BioAmber Inc. | $ 250,000.00 | TBD | TBD |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

Form IR-2
(4/07)